FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS  2005 APR -4  P 2: 51

Civil Action No. 05-10122 RGS

| | |
|---|---|
| Frank Lill & Son, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Medical Area Total Energy Plant, Inc., | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT MEDICAL AREA TOTAL ENERGY PLANT, INC.

Now comes the defendant, Medical Area Total Energy Plant, Inc. (MATEP) and responds to the allegations in the complaint in the above-captioned matter as follows.

### INTRODUCTION

This action, brought by plaintiff Frank Lill & Son, Inc. (Lill) against defendant MATEP centers upon work performed by Lill pursuant to the terms of an agreement (the Contract) to provide installation of specified materials at the MATEP facility (the Project). MATEP has paid Lill in full for all work performed on the Project under the Contract (with the exception of one incorrect Lill invoice which MATEP has indicated it would pay once corrected by Lill), including for work authorizations (WAs) properly submitted by Lill and approved by MATEP pursuant to the Contract. MATEP has properly refused to pay additional amounts requested by Lill.

- 1 -

MATEP responds to the individually numbered allegations as follows:

1.    MATEP is without knowledge or information sufficient to form a belief as to the truth of paragraph 1 of the complaint.

2.    Admitted.

3.    Paragraph 3 states a legal conclusion to which no response is required.

4.    Paragraph 4 states a legal conclusion to which no response is required; further answering, MATEP is a Massachusetts corporation with a usual place of business in Massachusetts.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted and further answering that the description of Lill's work contained in paragraph 8 is not an exhaustive list of Lill's work to be performed under the Contract.

9.    Denied, and further answering that the instructions to the bid document specifically referred to low pressure fuel gas piping and to work related to Phase 2.

10.    MATEP is without knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the complaint.

11.    Admitted that changes were made to the bid drawings subsequent to MATEP's award of the Contract to Lill; otherwise, denied.

12.    MATEP is without knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the complaint.

13.    Admitted that Lill provided a writing to MATEP dated April 3, 2003, which writing speaks for itself; otherwise, denied.

14.    Admitted that on April 7, 2003, MATEP transmitted a letter to Lill, which letter speaks for itself.

15. Denied and further answering that to the extent that changes and modifications to the Contract work were necessitated, such changes and modifications were within the expectations of the parties, were contemplated within the scope of the Contract, and were duly compensated for, in full, as agreed therein.

16. Admitted that MATEP issued change orders, otherwise, denied. Further answering that such change orders were within the expectations of the parties, were contemplated within the scope of the Contract, and were duly compensated for, in full, as agreed therein.

17. Denied. Further answering that such change orders were within the expectations of the parties, were contemplated within the scope of the Contract, and were duly compensated for, in full, as agreed therein.

18. Admitted that MATEP received a letter from Lill, dated May 16, 2003, which letter speaks for itself. Admitted as to the allegations in the second sentence.

19. Admitted. Further answering that such change orders were within the expectations of the parties, were contemplated within the scope of the Contract, and were duly compensated for, in full, as agreed therein.

20. Admitted.

21. Denied.

22. Denied, and further answering that such WAs and change orders were within the expectations of the parties, were contemplated within the scope of the Contract, and were duly compensated for, in full, as agreed therein.

23. Denied and further answering that neither the quantity of change orders nor the amount of work encompassed thereby was excessive.

24. Denied and further answering that neither the quantity of change orders nor the amount of work encompassed thereby was excessive. Further answering that overtime was identified on various WAs and Lill was compensated for such overtime.

25. Denied and further answering that MATEP has paid Lill in full for all work performed on the Project, including work performed pursuant to WAs submitted by Lill and approved by MATEP pursuant to the terms of the Contract. Further answering, MATEP denies that what Lill has characterized as "Disputed Extra Work Items" is work on the Project that was not encompassed by its Contract and is work for which Lill is entitled to payment.

26. Denied and further answering that paragraph 26 describes work on the Project that was encompassed by the Contract.

27. Admitted that Lill made some efforts to resolve its disputes, but denied that Lill fully satisfied the condition precedent in section 13.2 of the Contract.

27. Denied.

29. Paragraph 29 states a legal conclusion to which no response is required.

30. MATEP repeats and realleges the foregoing paragraphs 1 to 29 as if fully incorporated herein.

31. Denied, and further answering that Lill has not submitted a final lien release.

32. Denied. Further answering, the so-called "Disputed Extra Work Items" are in fact within the scope of Lill's Contract work.

33. Denied. Further answering, the so-called "Disputed Extra Work Items" are in fact within the scope of Lill's Contract work.

34. Denied. Further answering, the so-called "Disputed Extra Work Items" are in fact within the scope of Lill's Contract work  and MATEP has paid Lill in full for all work performed on the Project (with the exception of one incorrect Lill invoice which MATEP has indicated it would pay once corrected by Lill).

35. Denied. Further answering, the so-called "Disputed Extra Work Items" are in fact within the scope of Lill's Contract work  and MATEP has paid Lill in full for all work performed on the Project.

36. Denied.

37. Denied.

38.  MATEP repeats and realleges the foregoing paragraphs 1 to 37 as if fully incorporated herein.

39.  Denied.  Further answering, the so-called "Disputed Extra Work Items" are in fact within the scope of Lill's Contract work.

40.  Admitted that MATEP accepted the work performed under the Contract by Lill, otherwise, denied.

41.  Denied.

42.  Denied.

43.  Denied.

44.  MATEP repeats and realleges the foregoing paragraphs 1 to 43 as if fully incorporated herein.

45.  Denied.

46.  Denied.

47.  Denied.

48.  MATEP repeats and realleges the foregoing paragraphs 1 to 47 as if fully incorporated herein.

49.  Admitted.

50.  Admitted.

51.  Denied and further answering that WAs  and change orders were within the expectations of the parties, were contemplated within the scope of the Contract, and were duly compensated for, in full, as agreed therein.

52.  Admitted that the WAs had some impact on project duration, otherwise, denied.

53.  Denied.

54.  Denied.

55.  Admitted.

56.  Denied.

57.  Denied.

58. Denied.

59. Denied.

60. Denied.

61. MATEP repeats and realleges the foregoing paragraphs 1 to 60 as if fully incorporated herein.

62. Denied.

63. Denied.

64. Denied.

## FIRST AFFIRMATIVE DEFENSE

65. The Contract contained provisions, in section 13.2 thereof, which required the parties, as a condition precedent to the filing of litigation, to engage in certain contractually-defined dispute resolution efforts. Such condition precedent has not been satisfied.

## SECOND AFFIRMATIVE DEFENSE

66. Given the inherent nature and complexity of the work and of the pre-existing premises, all of which were well known to plaintiff before it agreed to the Contract, the 137 work orders of which plaintiff now complains did not exceed the scope of work fairly and reasonably within the contemplation of the parties, and did not so drastically change the magnitude of the work as to constitute a cardinal change or abandonment of the Contract. Therefore, Counts IV and V should be dismissed as matter of law.

## THIRD AFFIRMATIVE DEFENSE

67. All of the extra work covered by the some 137 change orders referred to in the complaint (see paragraph 19) was agreed to by both parties, and was agreed to be paid in agreed amounts, in all cases in accordance with the Contract, including its provisions